JOHN S. PURCELL (SBN 158969)
john.purcell@afslaw.com
JAKE GILBERT (SBN 293419)
jake.gilbert@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:   213.629.7400
Facsimile:   213.629.7401

Attorneys for Plaintiffs
TAYLOR WHITLEY AND
WTF.INDUSTRIES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR WHITLEY, and WTF.INDUSTRIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, DONGLEE HAN, and DOES 1-10, Inclusive. <br><br> Defendants. | Case No. 2:22-cv-01837-ODW (JEMx) <br><br> **TAYLOR WHITLEY AND WTF.INDUSTRIES, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br><br> District Judge:   Hon. Otis D. Wright, II <br> Date:   May 16, 2022 <br> Time:   1:30 p.m. <br> Courtroom:   5D <br><br> Complaint filed:  March 21, 2022 |

Case No. 2:22-cv-01837-ODW (JEMx)

AFDOCS/25685645.4

TAYLOR WHITLEY AND
WTF.INDUSTRIES, LLC'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Plaintiffs Taylor Whitley ("Whitley") and WTF.Industries, LLC
2    ("WTF.Industries") (collectively "Plaintiffs") respond to Defendants Clare Maguire
3    ("Maguire"), Jake Nygard ("Nygard"), Antonius Wiriadjaja ("Wiriadjaja"), and
4    DongLee Han ("Han") (collectively, "Defendants")'s Motion to Dismiss [Dkt. 14]
5    (the "Motion") as follows:

6    As Defendants acknowledge in their Motion, pursuant to Central District of
7    California Local Rule 7-3, counsel for Plaintiffs and Defendants conferred on April
8    8, 2022, and spoke, at length, about the arguments made in Defendants' Motion.
9    However, Defendants' short affirmation does not reflect the conversation which took
10   place, where Plaintiffs' counsel repeatedly explained to Defendants' counsel that
11   Plaintiffs would be filing an amended complaint – their right as a matter of course
12   under the Federal Rules of Civil Procedure – in response to the arguments brought
13   up in the conference, which would moot the Motion. Despite the offer, which would
14   have saved Defendants from drafting and filing a wholly unnecessary pleading,
15   Defendants nevertheless filed their Motion on April 15, 2022.

16   Defendants' Motion serves no purpose at this early phase in litigation except
17   to generate legal fees and waste judicial resources. Federal Rule of Civil Procedure
18   15(a)(1)(B) grants Plaintiffs 21 days from the filing of a responsive pleading to
19   amend their Complaint as a matter of course, just as Plaintiffs averred in the Local
20   Rule 7-3 conference. Not only will Plaintiffs address each of the concerns that
21   Defendants' counsel raised in their amended complaint, but many of the arguments
22   in the Motion can be resolved through simple amendment – a fact acknowledged by
23   Defendants' counsel at the April 8, 2022, conference of counsel. Such amendment is
24   unquestionably appropriate at this early phase of the matter. *Hoffman v. Preston*,
25   2019 WL 1229771 at *2 (E.D. Cal. 2019) ("Under the plain reading of the rule …
26   Plaintiff should be allowed to amend as a matter of course, as he filed his amended
27   complaint within 21 days after Defendant filed the Rule 12(b) motion to dismiss, and

28

TAYLOR WHITLEY AND
WTF.INDUSTRIES, LLC'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT

1  no responsive pleadings have been filed.")

2       Both this Court's standing order and applicable caselaw support Plaintiffs'

3  aims here. This Court's own standing order requires "Counsel should discuss the

4  issues to a sufficient degree that if a motion is still necessary, the briefing may be

5  directed to those substantive issues requiring resolution by the Court. Counsel should

6  resolve minor procedural or other non-substantive matters during the conference."[1]

7  Instead of a focused briefing, Defendants' Motion seeks findings of law on a litany

8  of complaints, most of which involve allegations of insufficient pleadings that can be

9  addressed by the amended complaint Plaintiffs have been proposing since the April

10  8, 2022, conference of counsel. "Local Rule 7-3 isn't just a piece of petty pedantry

11  put down to trip up lawyers.  Nor is Local Rule 7-3 a mere formalism simply there

12  to be checked off by lawyers." *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-

13  01409 AG (KESx), 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). "Rather, the

14  rule allows excellent lawyers to "avoid unnecessary litigation," "focus and clarify

15  disputes," and "fully honor [their] own obligations under Federal Rule of Civil

16  Procedure 1." *Vape Society Supply Corp. v. Zeiadeh*, 2017 WL 2919080 at *2 (C.D.

17  Cal. 2017). Where Plaintiffs took the conference seriously, attempting to resolve the

18  disputes raised by Defendants and offering an amendment to correct the issues,

19  Defendants nevertheless instituted this Motion, which neither avoids unnecessary

20  litigation nor seeks to focus or clarify the dispute.

21       Furthermore, and most glaring, neither the Complaint [Dkt. 1] nor Defendants'

22  Complaint (identified by their Notice of Related Cases [Dkt. 16]) have even been

23  served yet. As such, neither the Federal Rules of Civil Procedure nor this Court's

24  Local Rules necessitated this filing, which could have been avoided through the

25  Parties' continued conversation and Plaintiffs' amendment right. Local Rule 7-3

26  seeks to prevent the filing of motions whose result can be resolved through

---

27  [1] Section VII.A.2 - https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii.

28

ArentFox Schiff LLP
Attorneys at Law
Los Angeles

Case No. 2:22-cv-01837-ODW (JEMx)                - 3 -

AFDOCS/25685645.4

TAYLOR WHITLEY AND
WTF.INDUSTRIES, LLC'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT

conference. While Plaintiffs offered resolution to this Motion without it being filed, Defendants surged forward anyways.

Therefore, to avoid unnecessary motion practice and to promote judicial economy and conserve judicial resources, and as expressly allowed by the Federal Rules of Civil Procedure Rule 15(a)(1)(B), Plaintiffs will file an amended complaint within 21 days of service of Defendants' Motion. As such, Plaintiffs' respectfully request that the Court stay Defendants' Motion until Plaintiffs time to file their Amended Complaint closes, as Plaintiffs expect to moot each and every basis of Defendants' Motion with their amended complaint.

Dated:  April 25, 2022                    **ARENTFOX SCHIFF LLP**


By:   */s/ John S. Purcell*
      John S. Purcell
      Jake Gilbert
      Attorneys for Plaintiffs
      TAYLOR WHITLEY and
      WTF.INDUSTRIES, LLC

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:22-cv-01837-ODW (JEMx)                    - 4 -                    TAYLOR WHITLEY AND
WTF.INDUSTRIES, LLC'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT

AFDOCS/25685645.4