KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
HKING@KHPSLAW.COM
JOHN G. SNOW, ESQ., STATE BAR NO. 280790
JSNOW@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Defendants CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, and DONGLEE HAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TAYLOR WHITLEY, and WTF.INDUSTRIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, DONGLEE HAN, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 22-CV-01837-ODW-JEM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:   May 16, 2022<br>Time:  1:30 p.m.<br>Crtrm.: 5D<br><br>The Honorable Otis D. Wright II |

5862.060/1808283.1

## REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiffs Taylor Whitley ("Whitley") and WTF.Industries, LLC (collectively, "Plaintiffs") do not oppose the merits of Defendants' motion to dismiss (the "Motion"). Instead, Plaintiffs state they intend to file an amended complaint by the current Rule 15 deadline (May 6, 2022), which would of course moot the Motion. If Plaintiffs fail to file an amended complaint by that deadline, however, the Motion should be granted.

Plaintiffs also argue that it was unnecessary for Defendants to have filed the Motion following the parties' one-hour meet and confer on April 8, 2022, but that is not accurate. During meet and confer discussions, Defendants disagreed that Plaintiffs' proposed amendment would resolve all of the issues Defendants have raised, including because Plaintiffs did not plan to amend their lead claim for copyright infringement. Moreover, Plaintiffs did not commit to filing an amended complaint by a date certain, which created an issue for Defendants because Plaintiffs have refrained from serving their Complaint, thereby strategically preventing the imposition of an amended pleading deadline pursuant to Rule 15, absent a Rule 12 motion filed by Defendants. *See* FED. R. CIV. P. 15(a)(1) (providing "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b) . . . ."). An indefinite deadline to amend was problematic for Defendants because it would delay their ability and right to challenge Plaintiffs' claims. In this case, bringing a prompt challenge to Plaintiffs' claims was particularly important because Plaintiffs' filing of their copyright infringement claim (which Defendants contend lacks merit) caused third-party online marketplaces to maintain their delisting of the digital art collection at issue, harming Defendants economically.

To provide important background, the parties' dispute culminated in March 2022, when Whitley filed a "takedown notice" under the Digital Millennium Copyright Act ("DMCA") to have Defendant Jacob Nygard's ("Nygard") digital art

collection known as "Caked Apes" removed from its primary online market place, known as "OpenSea," claiming it infringed upon Whitley's intellectual property. Following Whitley's takedown notice, Nygard submitted a DMCA "counter notice" on March 7, 2022, disputing Whitley's takedown claims and requiring OpenSea to relist the collection within 14 days,[1] unless Whitley provided OpenSea timely notice that he had filed suit against Nygard for copyright infringement. *See* 17 U.S.C. § 512(g)(2)(C) (providing that an online service provider shall have no liability for a DMCA takedown if it ceases "disabling access . . . no more than 14 . . . business days following receipt of the counter notice, unless its designated agent first receives notice from the person who submitted the [takedown notice] that such person has filed an action seeking a court order to restrain the subscriber from engaging in infringing activity relating to the material").

That is exactly what Whitley did with this lawsuit, which he filed on March 18, 2022, eleven days after Nygard's counter notice. As Defendants explained in their Motion, Whitley's copyright infringement claim is defective. First, he filed it without a valid registration for his alleged work, ignoring the Supreme Court's clear statement that registration is a pre-filing requirement. *See Fourth Estate Pub. Benefit Corp. v. Wall-Stree.com, LLC*, 139 S. Ct. 881, 887 (2019) ("Before pursuing an infringement claim in court . . . a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'"). Second, he has alleged facts that, on their face, establish he granted Defendants a license for the minimal use of his work. *See* Compl. ¶ 48 (alleging Whitley granted "authorization for use of the Subject Design in the Caked Apes NFT project"). Accordingly, it was imperative for Defendants to bring a prompt challenge to the claim to obtain the relisting of their works. Allowing Whitley an indefinite time to

---

[1] Defendants have also filed a separate action against Whitley alleging the claims made in his takedown notices were false and that he violated the DMCA. *See Jacob L. Nygard, et al. v. Taylor Whitley*, Case No. 22-cv-00425-ODW-JEMx.

file an amended complaint would have interfered with their ability to do that.[2]

In light of the foregoing, the parties' Local Rule 7-3 conference—which Defendants arranged and took seriously—did not eliminate the necessity of the Motion. Nevertheless, Defendants do not dispute that Plaintiffs have the right to amend their Complaint in response to the Motion. If they fail to do so, however, the Motion should be granted. Finally, in either event, Defendants' Motion will not have wasted judicial resources, as Plaintiffs argue, because the unopposed Motion will either result in the dismissal of Plaintiffs' claims or be mooted altogether by the filing of an amended complaint. Defendants thank the Court for its time and consideration.

DATED: May 2, 2022              KING, HOLMES, PATERNO & SORIANO, LLP

By:    /s/ John G. Snow
             HOWARD E. KING
             JOHN G. SNOW
Attorneys for Defendants CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, and DONGLEE HAN

---

[2] Five days after Defendants filed their Motion, Whitley finally permitted the relisting of Caked Apes collection.