KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
HKING@KHPSLAW.COM
JOHN G. SNOW, ESQ., STATE BAR NO. 280790
JSNOW@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Defendants CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, and DONGLEE HAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TAYLOR WHITLEY, and WTF.INDUSTRIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, DONGLEE HAN, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 22-CV-01837-ODW-JEM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**REQUEST FOR JURY TRIAL**<br><br>The Honorable Otis D. Wright II |

5862.060/1887502.1

Defendants Clare Maguire, Jake Nygard, Antonius Wiriadjaja, and Donglee Han (collectively, "Defendants") hereby answer and provide their affirmative defenses to the First Amended Complaint ("Complaint") of Plaintiffs Taylor Whitley and WTF.Industries, LLC ("Plaintiffs") as follows. By this answer, Defendants do not impliedly admit anything.

## NATURE OF THE ACTION

1. Defendants deny the allegations in paragraph 1.
2. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 2, and on that basis deny those allegations.
3. Defendants deny the allegations in paragraph 3.
4. Defendants deny the allegations in paragraph 4.
5. Defendants deny the allegations in paragraph 5.
6. Defendants deny the allegations in paragraph 6.

## THE PARTIES

7. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 7, and on that basis deny those allegations.
8. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 8, and on that basis deny those allegations.
9. Defendants admit the allegations in paragraph 9.
10. Defendants admit the allegations in paragraph 10.
11. Defendants admit the allegations in paragraph 11.
12. Defendants deny the allegations in paragraph 12.
13. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 13, and on that basis deny those allegations.

# JURISDICTION AND VENUE[1]

9. Defendants deny the allegations in the second paragraph 9, including because Plaintiffs' Copyright Act claims were dismissed.

10. Defendants deny the allegations in the second paragraph 10.

11. Defendants admit that they have filed suit in this district against Whitley. Except as expressly admitted, Defendants deny the allegations in the second paragraph 11.

12. Defendants deny the allegations in the second paragraph 12.

# FACTUAL BACKGROUND

13. Defendants lack knowledge and information sufficient to form a belief as to the allegations in the second paragraph 13, and on that basis deny those allegations.

14. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 14, and on that basis deny those allegations.

15. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 15, and on that basis deny those allegations.

16. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 16, and on that basis deny those allegations.

17. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 17, and on that basis deny those allegations.

18. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 18, and on that basis deny those allegations.

19. Defendants lack knowledge and information sufficient to form a

---

[1] The paragraphs of Plaintiffs' First Amended Complaint are erroneously numbered, with the "JURISDICTION AND VENUE" section beginning with Paragraph "9," despite there being 13 preceding paragraphs. For clarity, this Answer will mirror the numbering of the First Amended Complaint, even though it contains two sets of different paragraphs with numbers "9-13."

belief as to the allegations in paragraph 19, and on that basis deny those allegations.

20. Defendants deny the allegations in paragraph 20.

21. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 21, and on that basis deny those allegations.

22. Defendant Wiriadjaja admits that he was involved in what the Complaint refers to as the Art Discord. Except as expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 22, and on that basis deny those allegations.

23. Defendants admit that Whitley transferred ownership of the Art Discord to Wiriadjaja. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants admit that Wiriadjaja acted within his rights as owner of the Art Discord. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 28, and on that basis deny those allegations.

29. Defendants deny the allegations in paragraph 29.

30. Defendant Maguire admits that she was involved in the Art Discord. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 30.

31. Defendant Han admits that she was involved in the Art Discord, and Defendants admit that art and NFT releases were discussed in the Art Discord. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants admit that at one point the Art Discord's name was changed to "WTF Industries." Except as expressly admitted Defendants deny the allegations in paragraph 33.

34. Defendant Han admits that she launched an NFT project named Pixel Tots. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 34.

35. Defendant Nygard admits that he created an NFT project named Caked Apes. Except as expressly admitted, Defendants deny the allegations in paragraph 35.

36. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 36, and on that basis deny those allegations.

37. Defendants deny the allegations in paragraph 37.

38. Defendants admit that they launched a website and social media accounts for Caked Apes and that Caked Apes were listed for sale on OpenSea. Except as expressly admitted, Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants admit that the Caked Apes NFTs sold out of their original run and generated primary and secondary sale revenue. Except as expressly admitted, Defendants deny the allegations in paragraph 40.

41. Defendants deny that WTF.Industries was entitled to any Caked Apes NFT revenue and the remaining allegations in paragraph 41.

42. Defendants deny that WTF.Industries was entitled to any Caked Apes NFT revenue and the remaining allegations in paragraph 42.

43. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 43, and on that basis deny those allegations.

44. Defendants deny that Whitley had any right to control social media accounts related to the Caked Apes NFT project and the remaining allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 49, and on that basis deny those allegations.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

## FIRST CLAIM FOR RELIEF

53. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 52, as if fully set forth herein.

54. No response is required to the allegations of paragraph 54 relating to Plaintiff's First Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

55. No response is required to the allegations of paragraph 55 relating to Plaintiff's First Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

56. No response is required to the allegations of paragraph 56 relating to Plaintiff's First Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

57. No response is required to the allegations of paragraph 57 relating to Plaintiff's First Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

58. No response is required to the allegations of paragraph 58 relating to Plaintiff's First Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

## SECOND CLAIM FOR RELIEF

59. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 58, as if fully set forth herein.

60. No response is required to the allegations of paragraph 60 relating to Plaintiff's Second Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

61. No response is required to the allegations of paragraph 61 relating to Plaintiff's Second Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

62. No response is required to the allegations of paragraph 62 relating to Plaintiff's Second Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

63. No response is required to the allegations of paragraph 63 relating to Plaintiff's Second Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

## THIRD CLAIM FOR RELIEF

64. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 63, as if fully set forth herein.

65. No response is required to the allegations of paragraph 65 relating to Plaintiff's Third Claim for Relief because the Court dismissed the claim on

December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

66. No response is required to the allegations of paragraph 66 relating to Plaintiff's Third Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

67. No response is required to the allegations of paragraph 67 relating to Plaintiff's Third Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

68. No response is required to the allegations of paragraph 68 relating to Plaintiff's Third Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

69. No response is required to the allegations of paragraph 69 relating to Plaintiff's Third Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

70. No response is required to the allegations of paragraph 70 relating to Plaintiff's Third Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

### FOURTH CLAIM FOR RELIEF

71. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 70, as if fully set forth herein.

72. As the Fourth Claim is not asserted against Defendant Han, she does not need to and does not answer paragraph 72. The remaining Defendants deny the allegations in the paragraph.

73. As the Fourth Claim is not asserted against Defendant Han, she does not need to and does not answer paragraph 73. The remaining Defendants deny the allegations in the paragraph.

74. As the Fourth Claim is not asserted against Defendant Han, she does not need to and does not answer paragraph 74. The remaining Defendants deny the allegations in the paragraph.

75. As the Fourth Claim is not asserted against Defendant Han, she does not need to and does not answer paragraph 75. The remaining Defendants deny the allegations in the paragraph.

76. As the Fourth Claim is not asserted against Defendant Han, she does not need to and does not answer paragraph 76. The remaining Defendants deny the allegations in the paragraph.

77. As the Fourth Claim is not asserted against Defendant Han, she does not need to and does not answer paragraph 77. The remaining Defendants deny the allegations in the paragraph.

## FIFTH CLAIM FOR RELIEF

78. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 77, as if fully set forth herein.

79. No response is required to the allegations of paragraph 79 relating to Plaintiff's Fifth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

80. No response is required to the allegations of paragraph 80 relating to Plaintiff's Fifth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

81. No response is required to the allegations of paragraph 81 relating to Plaintiff's Fifth Claim for Relief because the Court dismissed the claim on

December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

82. No response is required to the allegations of paragraph 82 relating to Plaintiff's Fifth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

83. No response is required to the allegations of paragraph 83 relating to Plaintiff's Fifth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

## SIXTH CLAIM FOR RELIEF

84. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 83, as if fully set forth herein.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

## SEVENTH CLAIM FOR RELIEF

92. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 91, as if fully set forth herein.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

## EIGHTH CLAIM FOR RELIEF

98. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 97, as if fully set forth herein.

99. No response is required to the allegations of paragraph 99 relating to Plaintiff's Eighth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

100. No response is required to the allegations of paragraph 100 relating to Plaintiff's Eighth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

101. No response is required to the allegations of paragraph 101 relating to Plaintiff's Eighth Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

## NINTH CLAIM FOR RELIEF

102. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 101, as if fully set forth herein.

103. Defendants deny the allegations in paragraph 103.
104. Defendants deny the allegations in paragraph 104.
105. Defendants deny the allegations in paragraph 105.
106. Defendants deny the allegations in paragraph 106.
107. Defendants deny the allegations in paragraph 107.
108. Defendants deny the allegations in paragraph 108.
109. Defendants deny the allegations in paragraph 109.

## TENTH CLAIM FOR RELIEF

110. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 109, as if fully set forth herein.

111. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 111. Defendant Maguire denies the allegations in the paragraph.

112. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 112. Defendant Maguire denies the allegations in the paragraph.

113. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 113. Defendant Maguire denies the allegations in the paragraph.

114. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 114. Defendant Maguire denies the allegations in the paragraph.

115. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 115. Defendant Maguire denies the allegations in the paragraph.

116. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 116. Defendant Maguire denies the allegations in the paragraph.

117. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 117. Defendant Maguire denies the allegations in the paragraph.

118. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 118. Defendant Maguire denies the allegations in the paragraph.

119. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 119. Defendant Maguire denies the allegations in the paragraph.

120. As the Tenth Claim is not asserted against Defendants Nygard,

Wiriadjaja, and Han, they do not need to and do not answer paragraph 120. Defendant Maguire denies the allegations in the paragraph.

121. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 121. Defendant Maguire denies the allegations in the paragraph.

122. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 122. Defendant Maguire denies the allegations in the paragraph.

123. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 123. Defendant Maguire denies the allegations in the paragraph.

124. As the Tenth Claim is not asserted against Defendants Nygard, Wiriadjaja, and Han, they do not need to and do not answer paragraph 124. Defendant Maguire denies the allegations in the paragraph.

## ELEVENTH CLAIM FOR RELIEF

125. Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 125, as if fully set forth herein.

126. No response is required to the allegations of paragraph 126 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

127. No response is required to the allegations of paragraph 127 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

128. No response is required to the allegations of paragraph 128 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is

required, Defendants deny each and every allegation in the paragraph.

129. No response is required to the allegations of paragraph 129 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

130. No response is required to the allegations of paragraph 130 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

131. No response is required to the allegations of paragraph 131 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

132. No response is required to the allegations of paragraph 132 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

133. No response is required to the allegations of paragraph 133 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

134. No response is required to the allegations of paragraph 134 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

135. No response is required to the allegations of paragraph 135 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is

required, Defendants deny each and every allegation in the paragraph.

136.   No response is required to the allegations of paragraph 136 relating to Plaintiff's Eleventh Claim for Relief because the Court dismissed the claim on December 5, 2022. Out of an abundance of caution, to the extent any answer is required, Defendants deny each and every allegation in the paragraph.

## TWELFTH CLAIM FOR RELIEF

137.   Defendants repeat and reallege the denials, averments, and admissions in paragraphs 1 to 136, as if fully set forth herein.

138.   Defendants deny the allegations in paragraph 138.

139.   Defendants deny the allegations in paragraph 139.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief against Defendants, and request that the Court dismiss all claims against Defendants with prejudice and order such further relief in favor of Defendants as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

### First Affirmative Defense

1.   The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.   This Court lacks subject matter jurisdiction over some or all of the claims in the Complaint.

### Third Affirmative Defense

3.   Plaintiffs lack standing to maintain some or all of the claims in the Complaint.

**Fourth Affirmative Defense**

4. The Complaint is barred in whole or in part by the applicable statutes of limitations.

**Fifth Affirmative Defense**

5. The Complaint is barred in whole or in part by the doctrine of laches.

**Sixth Affirmative Defense**

6. The Complaint is barred in whole or in part by the doctrine of waiver.

**Seventh Affirmative Defense**

7. The Complaint is barred in whole or in part by the doctrine of estoppel.

**Eighth Affirmative Defense**

8. The Complaint is barred in whole or in part because the conduct complained of was consented to, acquiesced in, authorized, and/or licensed.

**Ninth Affirmative Defense**

9. The Complaint is barred in whole or in part by the doctrine of unclean hands.

**Tenth Affirmative Defense**

10. The Complaint is barred in whole or in part because Plaintiffs failed to mitigate their damages, if any.

**Eleventh Affirmative Defense**

11. Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

WHEREFORE, Defendants pray:

1. That Plaintiffs take nothing by their Complaint.
2. That the Complaint, and all claims therein, be dismissed with prejudice.
3. That Defendants be awarded their costs of suit.

4. For such other relief as the Court deems just and proper.

DATED: January 11, 2023         KING, HOLMES, PATERNO & SORIANO, LLP


By:      /s/ John G. Snow
               HOWARD E. KING
               JOHN G. SNOW
Attorneys for Defendants CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, and DONGLEE HAN

## REQUEST FOR JURY TRIAL

Defendants hereby request a jury trial.

DATED: January 11, 2023           KING, HOLMES, PATERNO & SORIANO, LLP

By:   */s/ John G. Snow*
         HOWARD E. KING
         JOHN G. SNOW
Attorneys for Defendants CLARE MAGUIRE, JAKE NYGARD, ANTONIUS WIRIADJAJA, and DONGLEE HAN